E-FILED
Thursday, 29 October, 2026 12:58:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES A COX, Plaintiff, | ) | |
| v. | ) | 26-3185 |
| STEVEN CAMPBELL, *et al.* Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and previously incarcerated Graham Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff alleges events arising from his incarceration at Graham Correctional Center. Defendants are alleged to have worked at the facility in the following capacities: Defendants Campbell and Armstrong were wardens; Defendants Howard and Lucas were the healthcare unit

administrators; Defendant Adesanya/Anestesia was a nurse practitioner; Defendants Cole and Arora were physicians; Defendants Clarke, Lang, Heller, Pinrod, and Williamson were correctional officers; Defendant Lynch was a nurse; and, Defendant Jones was the grievance officer. Defendants Wexford Health Sources and Centurion were the private companies contracted to perform medical services at Illinois prisons.

Plaintiff alleges that he suffered an injury in July 2024 in which he heard a "pop" in his shoulder. Plaintiff alleges that a correctional officer delayed access to medical care for 20 minutes. Plaintiff alleges that Defendant Lynch failed to examine his arm, dismissed his injury as minor, told him to take a hot shower, and to return if the pain persisted. Plaintiff alleges that prison officials ignored a sick call request on August 1, 2024, and that, on September 19, 2024, Defendant Adesanya/Anestesia refused to examine his arm because Plaintiff was there for other medical treatment. Plaintiff alleges that a nurse made false statements in a medical record for an examination conducted September 30, 2024.

Plaintiff alleges that Defendant Cole ordered an MRI on November 8, 2024, that disclosed a rotator cuff tear, tendon damage, and a possible labral tear. Plaintiff alleges that over the ensuing 11 months, cortisone injections were repeatedly canceled for lack of supplies, that an unidentified physician attempted to cancel his surgery until after his release from custody, and that another outside orthopedic surgeon canceled his surgery because he would not treat IDOC patients. Plaintiff alleges that he underwent surgery on June 3, 2025, but that he arrived four hours late to the appointment, causing unspecified complications.

Plaintiff alleges that prison officials restrained him in a painful manner upon his release from the hospital, that he was denied post-operative care, and that he was returned to general population despite "medical recommendations to remain in a controlled environment." Plaintiff

alleges that he went 10 days without adequate bandage changes or an appropriate brace. Plaintiff alleges that he did not receive adequate pain medication.

Plaintiff alleges that he was improperly housed in general population on June 16, 2025, where another inmate violently attacked him. He alleges treatment for injuries sustained in this attack was delayed or denied.

## DISCUSSION

### Joinder

The Seventh Circuit has recommended that district courts resolve whether joinder is proper under Fed. R. Civ. P. 20 before considering the merits of a plaintiff's claims. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Prison officials may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and the litigation presents "a question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). District courts have "considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). A court "may deny joinder under [Fed. R. Civ. P. 20] if the addition of the party…will not foster the objectives of the rule, but will result in prejudice, expense, or delay." *Id.* (quotations omitted).

Plaintiff appears to allege two separate claims: (1) an Eighth Amendment claim for deliberate indifference to a serious medical need against the medical professionals responsible for treating his shoulder injury; and (2) an Eighth Amendment failure-to-protect claim based on the alleged placement in general population after his surgery.

The medical treatment, or lack thereof, that Plaintiff received for his shoulder injury is not relevant to his failure-to-protect claim. If, as Plaintiff's allegations suggest, prison officials housed Plaintiff in general population despite medical orders recommending against it, no plausible inference arises that medical staff acted with deliberate indifference to any risk of harm Plaintiff faced upon his return to general population, or that they were responsible for the housing assignment. The prison officials responsible for Plaintiff's housing assignment are unlikely to have been responsible for Plaintiff's medical treatment for his shoulder.

The two claims Plaintiff alleges involve different issues and prison officials. The Court finds that joinder of these claims is not appropriate. The Court will dismiss Plaintiff's failure-to-protect claim without prejudice. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint."). In the alternative, Plaintiff may ask the Court via motion to sever his failure-to-protect claims and open a new case. Plaintiff will be responsible for an additional $405.00 filing fee if he chooses this option.

**Medical Treatment**

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. *Id.* at 105. Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *McDonald v. Hardy*, 821

F.3d 882, 888 (7th Cir. 2016). Plaintiff sufficiently alleged that he suffered from a serious medical need.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official's subjective awareness of a risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842. Courts defer to treatment decisions made by medical professionals unless the evidence shows that "no minimally competent professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008).

A treatment decision permits an inference that the medical provider acted with deliberate indifference only when the decision constitutes "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Petties*, 836 F.3d at 729 (internal quotations omitted). Persisting in a course of treatment known to be ineffective, failing to follow an existing protocol, delaying treatment without penological justification, and refusing to follow a specialist's recommendations may permit an inference that a medical professional failed to exercise the appropriate judgment. *Id.* at 729-30.

Plaintiff does not make any specific allegations against Defendants Campbell, Armstrong, Howard, Lucus, Wexford, Centurion, Clarke, Lang, Heller, Pinrod, Williamson, Arora, or Jones in his complaint. Plaintiff cannot hold Defendants Campbell and Armstrong

liable just because they were in charge, see *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), and his allegations do not permit a plausible inference that any constitutional deprivation he suffered resulted from Defendant Wexford's or Centurion's policies or practices as required to hold either of them liable. *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). Absent specific allegations regarding how the remaining individuals were involved in his medical care, the Court cannot find that Plaintiff states a claim against them. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Plaintiff alleges that Defendant Cole "properly" examined him in November 2024, and her decision to order diagnostic testing does not permit a plausible inference that she acted with deliberate indifference on this occasion. Plaintiff's allegations suggest that Defendant Cole later ordered specialized care that Plaintiff eventually received. Absent additional allegations regarding how she or other medical staff were involved, the Court finds that Plaintiff fails to state a claim. Plaintiff's allegations that Defendants Lynch and Adesanya/Anestesia refused to examine him are unclear regarding whether these decisions resulted in significant delay.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motion to Request Counsel (Doc. 4)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to

obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff states he has completed seventh grade and has mental health issues. Plaintiff has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and he should be able to draft an amended complaint if he so chooses. This case does not appear overly complex at this time, and the Court does not have enough information to determine whether, or if, Plaintiff's mental health issues affect his ability to litigate. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied with leave to renew.

**Plaintiff's Motion for Status (Doc. 7)**

Plaintiff's motion is granted. The Court received Plaintiff's supporting documentation and change of address. This Order addresses all outstanding issues.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Clerk is directed to send Plaintiff a blank complaint form.**

2) **Plaintiff's Motion [4] is DENIED with leave to renew.**

3) **Plaintiff's Motion [7] is GRANTED.**

Entered this 29th day of October, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE